

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

Amy Robinson
Spec. Assistant Corporation Counsel
Email: arobinso@law.nyc.gov
Phone: (212) 356-3518

August 30, 2018

**VIA ECF**
The Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      RE:    Robert Pluma v. Soreco, et al., 14 cv 9969 (LAP)

Your Honor:

      I am a Special Assistant Corporation Counsel for The City of New York. I write as ordered by the Court on August 22, 2018, to inform Your Honor as to the status of the above action regarding the remaining claims/defendants. See Dkt. No. 9. After conferral with counsel of record for plaintiff, David Thompson, the parties agree that the above action can no longer be pursued given the Second Circuit's ruling in Pluma v. City of New York et al., 2017 U.S. App. LEXIS 6096 (2d Cir. 2017) and is simply waiting to be dismissed. However, although Mr. Thompson is the only counsel of record for plaintiff, he has stated that this is no longer with his firm and believes that his prior firm retained all of his cases.

      The undersigned requests that the Court dismiss this case on the grounds that all of plaintiff's federal and state claims for the date of incident have been disposed of, plaintiff did not serve any of the defendants and has not sought to prosecute this matter in three years. In the alternative, if the Court deems it necessary to contact Mr. Thompson's prior firm, the undersigned requests a brief extension of time to submit a status letter from August 31, 2018, to September 14, 2018.

      By way of background, while defendants' Rule 12 motion to dismiss in Pluma v. City of New York, et al., 13-cv-2017, was still under consideration before Judge Griesa, David Thompson filed a second Pluma action pertaining to the same incident in an attempt to preserve plaintiff's claims before the statute of limitations ran. The 13-Civ-2017 matter was reassigned to Your Honor to decide the motion. David Thompson later sent a letter to the Court on April 3, 2015, informing the Court of the second filed Pluma action (14-cv-9969) stating that "there should only be one case, the first filed action." Your Honor endorsed the letter on April 7, 2015,

stating that the Court would deal with this issue, inter alia, at the following conference. See Dkt. Nos. 18, 30. The conference was held on April 15, 2015, and defendants' counsel understood the Court to state that it would take care of the second Pluma action.

As Your Honor may recall, the Court's decision on defendants' motion to dismiss in Pluma v. City of New York, et al., 13-cv-2017 was affirmed in part, vacated in part and remanded by the Second Circuit. See 2017 U.S. App. LEXIS 6096, 686 Fed. Appx. 66 (2d Cir. 2017) (summary order). The Second Circuit affirmed this Court's decision pertaining to plaintiff's federal claims but vacated the Court's decision on plaintiff's state law claims and remanded. On remand, the District Court was to determine whether to exercise pendent jurisdiction over the state-law claims. This Court declined to exercise pendant jurisdiction on plaintiff's state law claims. See Dkt. No. 98. Accordingly, all of plaintiff's claims for the same incident have been dismissed.

For the reasons noted above, the undersigned requests that this matter be dismissed in its entirety, or in the alternative an extension of time to submit a status letter so that plaintiff's counsel's prior firm may be contacted.

Respectfully Submitted,

_____/s/_____
Amy Robinson

cc: David Thompson, Esq. (via ECF)