# WYLIE STECKLOW PLLC
## ATTORNEY-AT-LAW

www.LawyersForTheRestOfUs.com

217 Centre St. Fl. 6
New York, NY 10013
T(212) 566-8000
F(888) 566-7999
Wylie@wylielaw.com

September 5, 2018

**VIA ECF**
Honorable Judge Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York NY 10007

    Re:    SDNY:    Pluma v. Soreco, 14CV9969 (LAP)
             NYS:     Pluma v. City of NY, et al, 453040/2017

Dear Judge Preska:

    Initially, please accept my apologies for this late response to your August 22, 2018 order. Today is my first day in the office since you sent that order, and while I saw Ms. Robinson's August 30 letter, I had not seen the ECF notice with your order until this morning.

    Mr. Pluma's state court claims have been preserved, filed, and served (please see the index number referenced above). The matter was filed in Kings County Supreme Court in May 2017. Service was effectuated in August 2017 on the following defendants: The City of New York, Carl Soreco, Megan O'Leary, Christopher Vega, Anthony Pons, Richard McGuire, Daniel O'Grady, Ramon Hernandez, Benjamin Bellingeri, Vincent Setteducato and Corey White.

    In November 2017, the City of New York successfully filed a change of venue motion, moving the matter to New York County. In April 2018, I was in communication with a state court City attorney, ACC Lauren Shrem, concerning this matter.

    Earlier today, I sought to contact Ms. Shrem and learned that she is no longer working with the City Law Department. I have now reviewed a few dockets and learned about the previously filed City motion to change venue, and that the motion was granted without opposition. I also found a notice from the Kings County Clerk to file an RJI in New York County. Earlier today, I filed that RJI and contacted the new ACC handling the state court litigation.

    The federal claims before your honor were dismissed, and there is no update to that status. The state claims have been filed in state court. Consistent with the Second Circuit ruling in Mr. Pluma's appeal, plaintiff has not, and does not seek this court to exercise pendent jurisdiction over the state claims. "It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims." *Pluma v. City*

*of New York*, 686 Fed. Appx., 66 (2nd Cir. 2017), *quoting, Klein & Co. Futures, Inc. v. Board of Trade of City of New York*, 464 F.3d 255, 262 (2d Cir. 2006).

  Accordingly, plaintiff respectfully submits that this Court should decline to exercise pendent jurisdiction over the State claims, and should therefore decline to dismiss those claims.

  I remain,

              Very truly yours,
                -//s/-
              Wylie M. Stecklow, Esq.